FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 OCT 22 AM 11:06

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ISAIAH JORDAN,

    Plaintiff,

v.         604CV150

TOMMY MOSLEY, individually and
in his official capacity as an officer of
the Screven County Sheriff's Department,

    Defendant.

## ORDER

In this 42 U.S.C. § 1983 civil rights case, plaintiff Isaiah Jordan alleged that defendants Tommy Mosley and Mike Kile caused his wrongful arrest and thus violated his constitutional and state law rights. Doc. # 1. The defendants moved for summary judgment. Doc. # 14. This Court granted summary judgment to Kile on all claims, then dismissed all but Claims I and VI against Mosley in both his individual and official capacities.[1] Doc. # 46 at 22, *reconsideration denied*, doc. # 51, *aff'd in part and rev'd in part, Jordan v. Mosley*, 487 F.3d 1350, 1361 (11th Cir. 2007) (foreclosing Isaiah's federal, but not his state-law, claims against Mosley).

The case is now back in this Court on remand. Doc. # 55. Normally, when a plaintiff brings a case in federal court and pleads away his federal claims, federal supplemental jurisdiction over his remaining state law claims evaporates. *Pintando v. Miami-Dade Housing Agency*, __ F.3d __, 2007 WL 2768452 at *2 (11th Cir. 9/25/07) (district court was divested of subject-matter jurisdiction when plaintiff amended his complaint so as to omit federal law claim that originally gave rise to the district court's supplemental jurisdiction over plaintiff's remaining state law claims). That hasn't happened here; defendant Mosley *litigated* plaintiff's federal claims out of the case. This case thus falls within another supplemental-jurisdiction channel, as recently illuminated by *Ortega v. Brock*,

> In enacting [28 U.S.C.] § 1367, Congress clearly intended to enable federal courts to retain jurisdiction over state-law claims even after the federal claims forming the basis for the court's original jurisdiction had been dismissed, either as meritless or on other grounds: "The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction...." 28 U.S.C. § 1367(c)(3) (emphasis added). If Congress had intended to limit supplemental jurisdiction to cases where the federal claims had merit, then dismissal under § 1367(c)(3) would be mandatory, not permissive. *See Valencia v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) ("In providing that a district court 'may' decline to exercise such jurisdiction, this subsection is permissive rather than mandatory."). Thus, the plain language of the supplemental-jurisdiction statute makes it clear that the court does not lack subject-matter jurisdiction over a pendent-party claim simply because the federal claims forming the basis for the

---

[1] Isaiah's wife, Dorothy Jordan, brought an unspecified "derivative" claim, doc. # 1 at 5, but this Court dismissed her outright. # 45 at 10 ("It is not enough to simply claim that one holds a 'derivative' claim without citing to any statute or case law").

court's original jurisdiction lack merit.

501 F.Supp.2d 1337, 1343 (M.D.Ala. 2007). But just because there is no automatic dismissal does not mean that the case automatically stays here. Instead, the issue falls within the Court's discretion. *Flint Elec. Membership Corp. v. Whitworth*, 68 F.3d 1309, 1314 (11th Cir. 1995) ("The decision whether to dismiss a complaint still containing state law issues after all federal causes evaporate is within the district court's sound discretion"), *modified on other grounds*, 77 F.3d 1321 (11th Cir. 1996).

Even at that, the law tilts the Court *against* retaining jurisdiction. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) (in its discretion the district court may dismiss State law claims after dismissing federal claims; "[m]ore specifically ... if the federal claims are dismissed prior to trial, [*United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)] strongly encourages or even requires dismissal of state claims") (quotes and cite omitted); *accord Granite State Outdoor Advertising, Inc. v. Cobb County, GA*, 193 Fed.Appx. 900, 907 (11th Cir. 2006); *Van Meter v. City of Lanett, Ala.*, ___ F.Supp.2d ___, 2007 WL 2409918 at * 5 (M.D.Ala. 8/24/07).

Isaiah, in that regard, would be protected against any statute of limitations bar in the event this Court dismisses his state law claims and he must refile in state court:

> (d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C.A. § 1367(d).

The Court thus declines to exercise supplemental jurisdiction over Isaiah Jordan's state-law claims. Accordingly, his state-law claims -- and thus what remains of his case -- are ***DISMISSED WITHOUT PREJUDICE.*** This case therefore is ***CLOSED***.

This 22 day of October, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA